IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD L. POLZIN,

                Plaintiff,

v.

WARDEN CHRIS BUESGEN, MRS. BERG, MRS. QUADE, UNION SUPPLY GROUP INC., TOM THOMAS, and JOHN DOE,

                Defendants.

ORDER

24-cv-737-jdp

---

    This court provides prisoners seeking to file suit a prisoner complaint package that includes a complaint form and instructions on filing a prisoner complaint in federal court. Filing a complaint on the form is not mandatory in every prisoner case, but the court has discretion to order prisoners to use the form when it promises to help them articulate their claims and to promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

    Proceeding without counsel, plaintiff Gerald L. Polzin filed a 15-page complaint, Dkt. 1, which the court has yet to screen. Polzin now moves to "supplement and amend" the complaint, Dkt. 6, and he has filed a 24-page proposed "amended and supplemented" complaint, Dkt. 7. As a general rule, a pleading should contain all the allegations on which a party seeks to proceed. It's not fully clear whether Polzin seeks to proceed exclusively on the allegations in the proposed amended and supplemented complaint, or if he intends the proposed pleading to replace the original complaint entirely. Furthermore, whether viewed as

a whole pleading or a supplement, the proposed pleading is unnecessarily long and contains redundant allegations. In the circumstances, requiring Polzin to file a final amended complaint using the court's form and imposing appropriate page limits will further the interests of clarity and judicial economy.

Accordingly, Polzin must file a final amended complaint on the court's prisoner complaint form, which the court will send him along with this order. If Polzin needs more space to allege his claims, he may submit no more than ten (10) supplemental pages. Any handwritten or typewritten text on the form or any supplemental sheet must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. The spacing in the original complaint and proposed pleading meets this requirement.

In drafting the final amended complaint, Polzin should be mindful that to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Polzin's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Polzin should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Polzin should identify his claims in this manner and omit any legal arguments.

Polzin should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Polzin must explain what each defendant did, or failed to do, to violate his rights. Polzin should avoid referring to defendants collectively. Polzin also should identify by full name in the case caption of the amended complaint every one of the defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff Gerald L. Polzin's motion for leave to supplement and amend the complaint, Dkt. 6, is GRANTED in part and DENIED in part as provided in this order.

2. Plaintiff has until August 8, 2025 to file a final amended complaint in accordance with the instructions provided in this order.

3. The final amended complaint will act as a complete substitute for the earlier pleadings. This case will proceed on only the allegations made and claims presented in the final amended complaint, and against only the defendants specifically named in the final amended complaint's caption.

4. If plaintiff fails to comply with this order, the court may dismiss the case.

5. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

6. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered July 8, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge