IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD L. POLZIN,

                Plaintiff,

  v.                                                                                       OPINION and ORDER

WARDEN CHRIS BUESGEN, SHARRON HAUSER,                       24-cv-737-jdp
UNION SUPPLY GROUP, INC., TOM THOMAS, and
JOHN DOE,

                Defendants.

---

Plaintiff Gerald L. Polzin is incarcerated at Stanley Correctional Institution (SCI) and practices Judaism. In response to the court's order, Polzin has filed an amended complaint in which he alleges that defendants misled him to believe that certain Kellogg's Pop-Tarts and other canteen food products were kosher, which caused him to eat the products and violate the tenets of his faith. Polzin brings free exercise and equal protection claims under federal law and fraud-based tort claims under Wisconsin law.

Polzin proceeds without prepaying the filing fee, so I must screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Polzin's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss the amended complaint without leave to amend. The court will not credit Polzin's allegations that defendants conspired to deceive Jewish inmates to increase their sales and profits. Polzin plausibly alleges, at most, negligence in maintaining the canteen menu,

which would not support a claim arising under the Constitution. I will dismiss Polzin's federal-law claims with prejudice for failure to state a claim. Without a viable federal claim, I will relinquish jurisdiction over his state-law claims. I will also direct the clerk of court to record a strike under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

Polzin has been on the kosher diet at SCI from: (1) March 24, 2020, to July 7, 2021; (2) January 10, 2022, to February 27, 2024; and (3) September 3, 2024, until the present.

Defendant Union Supply Group, Inc. is a private vendor that, until June 2025, contracted with the Department of Corrections to provide prisoners with canteen food products, including Kellogg's Pop-Tarts.

Defendant Sharron Hauser worked at SCI, and defendant John Doe worked for Union Supply Group. Defendant Tom Thomas is Union Supply Group's CEO. Hauser and Doe created and updated the food menus for SCI's canteen.

Prisoners at SCI can order canteen food products on a biweekly basis using the canteen menu, which describes the products available for purchase. The menu may designate kosher food products with a "K" next to the items. Hauser and Doe were responsible for adding or removing religious designations on the canteen menu.

Prisoners' orders for food products were placed through an automated phone system. The system "sometimes" designated kosher products with a "'K' during the description of the product when ordering." Dkt. 9 ¶ 8. Doe was responsible for adding or removing religious designations on that system.

From 2021 until March 13, 2024, Kellogg's Strawberry and Hot Fudge Sundae Pop-Tarts were offered on the canteen menus as kosher items even though they were not kosher. At times, the automated phone system also falsely designated those Pop-Tarts as kosher.

Polzin learned that Strawberry and Hot Fudge Sundae Pop-Tarts were not kosher on or around March 13, 2024. Polzin purchased and consumed six to 20 boxes of those Pop-Tarts before he learned that they were not kosher. Polzin also consumed four boxes of those Pop-Tarts that he had received as gifts.

From November 2022 until June 2025, the canteen menus and automated phone system designated Frito-Lay Doritos and Cheetos Crunchy as kosher even though they are not kosher. During the same period, the canteen menus listed Eastview Farms Mozzarella and Sharp Cheddar Cheese Sticks as kosher even though they are not kosher. During some of this period, the automated phone system also designated the cheese sticks as kosher. From November 2022 until June 2025, Polzin purchased and consumed "an unknown amount" of the Doritos, Cheetos, and cheese sticks that were not kosher.

If a food product's manufacturer does not label the product as kosher, but the product is designated as kosher in the canteen menu, defendant Warden Chris Buesgen requires prisoners to confirm with the manufacturer that the product is kosher within 14 days of the product's placement on the canteen menu. Prisoners at SCI have "restricted access . . . to the outside world," so it's "extremely difficult" for them to meet this requirement. *Id.* ¶ 44.

ANALYSIS

Polzin brings First Amendment free exercise and Fourteenth Amendment equal protection claims under federal law. Polzin also brings state-law claims based on unfair trade practices, intentional misrepresentation, strict-responsibility misrepresentation, and negligent misrepresentation. Polzin seeks damages.

**A. Federal-law claims**

Polzin brings his free exercise and equal protection claims against Hauser, Doe, and Union Supply Group, and against the two other defendants: Buesgen and Tom Thomas, Union Supply Group's CEO.

**1. State action requirement**

There is a preliminary problem with the federal-law claims against Thomas, Doe, and Union Supply Group: it's implausible that these defendants are state actors under 42 U.S.C. § 1983. Section 1983 creates a private right of action for the violation of one's constitutional rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege that he was deprived of a constitutional right and that the deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). "Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials [i.e., state actors]." *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). A non-governmental organization or its employee may be a state actor under § 1983 if there is a close enough connection between the state and the organization's or the employee's actions

4

that those actions "may be fairly treated as that of the [s]tate itself." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009).

Polzin's allegations don't plausibly suggest that Thomas, Doe, or Union Supply Group is a state actor. By itself, the allegation that Union Supply Group contracted with the DOC to provide prisoners with canteen products does not suggest state action. *Cf. Rodriguez*, 577 F.3d at 825–27 (explaining that the existence of a contractual relationship between a nongovernmental organization and the state government alone does not show state action). Nor does the mere allegation that Doe worked with Hauser to produce and update SCI's canteen menu suggest state action. *Cf. Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) ("The simple fact that a private entity performs a function that serves the public does not transform its conduct into state action.").

Polzin notes that Wis. Admin. Code DOC § 310.03(8) defines "employee" to include "any staff member, an employee of a contract agency, an independent contractor, or a volunteer of the department or an institution." But this definition defines employee for purposes of Wisconsin's procedures governing prisoner grievances. The issue in this case is not whether Polzin had to exhaust administrative remedies against Thomas, Doe, and Union Supply Group. The issue is whether these ostensibly private defendants are state actors under § 1983. Polzin hasn't alleged any facts plausibly suggesting that to be the case. I will not allow Polzin to proceed on his federal-law claims against Thomas, Doe, or Union Supply Group.

2. **First Amendment free exercise claim**

Polzin brings his free exercise claim against each defendant. To state a claim under the Free Exercise Clause, Polzin must plausibly allege that defendants "personally and unjustifiably placed a substantial burden on his religious practices." *See Thompson v. Holm*, 809 F.3d 376,

379 (7th Cir. 2016). A substantial burden "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (alteration adopted). A prisoner's religious practice is substantially burdened is if "the prison forces him to choose between his religious practice and adequate nutrition." *See id.* at 381. Denying a prisoner access to "traditional foods for a religious celebration [also] imposes a substantial burden on religion." *Schlemm v. Wall*, 784 F.3d 362, 365 (7th Cir. 2015).

Polzin alleges that defendants misled him to believe that certain food products on SCI canteen menus were kosher, which caused him to consume the products in violation of the tenets of his faith. Polzin alleges that defendants intentionally deceived Jewish inmates that the more expensive canteen items were kosher, so that they could increase sales and profits. Dkt. 9, ¶ 45. The court will not credit that allegation because it suggests an implausible wide-ranging conspiracy that is not adequately supported with facts. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992) ("A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided."); *see also Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ("[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law . . . .").

After the conspiratorial aspect is removed, what remains are Polzin's allegation that the canteen menu was sometimes inaccurate. Maintaining the menu's kosher designations would be a complex task, as food items, and the manufacturers formulation of those items, changed. There's no plausible allegation that any defendant intentionally deceived Polzin so that he would be forced to violate the tenets of his religion. Polzin's allegations suggest, at most, negligence in maintaining the canteen menu.

And Polzin was aware that the canteen menu was sometimes inaccurate. He alleges that Buesgen required prisoners to confirm with food manufacturers that food products designated as kosher in the canteen menus were kosher. Complying with that requirement might have been impracticable if the packaging did not indicate whether the product was kosher. But it shows that Polzin was on notice that a canteen item designated as kosher might be non-kosher. Polzin makes no allegations about the meals at SCI which provided his basic nutrition. His allegations concern only canteen snack items, which he chose to eat despite uncertainty about their kosher status. In other words, Polzin had a sufficient diet of kosher food available to him, so he didn't have to eat the Pop-Tarts, Doritos, Cheetos, and cheese sticks if he was unsure that they were kosher. Polzin doesn't allege that he was denied any particular kosher food necessary for religious observance. In short, the amended complaint's allegations don't plausibly suggest that any defendant substantially pressured Polzin to choose between adequate nutrition and his religious practice. I will not allow Polzin to proceed on a First Amendment free exercise claim.

The Seventh Circuit has held that courts should interpret a constitutional free exercise claim to include a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) if the plaintiff proceeds without counsel. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Polzin brought a RLUIPA claim in the original complaint but did not reassert it in the amended complaint. I take this omission as an intentional abandonment of the RLUIPA claim.

Besides, RLUIPA remedies against an individual government official are limited to declaratory and injunctive relief. *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) ("RLUIPA does not authorize any kind of relief against public employees . . . ."); *see also Stewart*

*v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012) ("[T]here is no cause of action under RLUIPA for individual-capacity claims."). Declaratory and injunctive relief would be proper only if there were "a continuing violation of federal law." *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 894 (7th Cir. 2012); *see also Al-Alamin v. Gramley*, 926 F.2d 680, 688 (7th Cir. 1991). Polzin alleges that he learned that the Pop-Tarts, Doritos, Cheetos, and cheese sticks at issue were not kosher, and that SCI's canteen menus no longer misrepresent that these products are kosher. "That means there is no [continuing] conduct to enjoin, and declaratory [and injunctive] relief [are] not proper." *See Caldwell v. Hoffman*, No. 22-cv-678, 2022 WL 15523048, at *4 (E.D. Wis. Oct. 27, 2022). Even had Polzin not abandoned the RLUIPA claim, I would not allow him to proceed on it.

### 3. Fourteenth Amendment equal protection claim

Polzin brings a Fourteenth Amendment equal protection claim based on allegations that defendants intentionally misled him to purchase and consume non-kosher food because he is Jewish. This claim has two main problems. First, constitutional claims should be addressed under the most applicable provision, and Polzin's allegations focus on deprivation of his religious liberty. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). The equal protection claim duplicates the free exercise claim and therefore is not viable. *See id.*; *see also Culp v. Raoul*, 921 F.3d 646, 658 (7th Cir. 2019) ("[R]epackaging a claim that is more appropriately brought under a different constitutional provision . . . will not usurp the settled legal framework that has traditionally applied.").

Second, even if Polzin could bring an equal protection claim, the basic rule is that the Equal Protection Clause prohibits state actors from intentionally singling out members of protected classes for mistreatment. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S.

8

432, 439 (1985); *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. 1995). Polzin alleges that defendants intentionally misled Jewish prisoners to purchase non-kosher items to increase their sales of canteen items. But prisoners of other faiths may be just as likely to purchase a food product because it is labeled as kosher. For instance, some Muslim prisoners "find kosher food to be an acceptable alternative to a purely halal diet." *Jones v. Carter*, 915 F.3d 1147, 1148 (7th Cir. 2019). Likewise, some Seventh-Day Adventist prisoners believe that their faith requires them to keep a kosher diet. *See Linehan v. Crosby*, 346 F. App'x 471, 472–73 (11th Cir. 2009); *Monson v. Steward*, No. 15-cv-513, 2017 WL 2882709, at *2 (D. Or. July 6, 2017) ("[A] substantial percentage of inmates would request kosher meals, with especially high interest indicated by Muslim and Seventh Day Adventist inmates."). Again, Polzin's allegations suggest at most negligence; they don't plausibly suggest that defendants intentionally singled-out Jewish prisoners for mistreatment. I will not allow Polzin to proceed on an equal protection claim.

B. **State-law claims**

Polzin alleges that the court can exercise supplemental jurisdiction over his state-law claims. But when all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I will follow that practice here.

Polzin does not expressly invoke the court's diversity jurisdiction over the state-law claims, but I will address that issue. District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen*

9

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). Polzin has the burden to allege a basis for diversity citizenship. *See Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023).

Polzin brings his state-law claims against Hauser, Thomas, Doe, and Union Supply Group. Polzin and Hauser are Wisconsin citizens, Dkt. 9 at 1–3, so Polzin hasn't met his burden to allege complete diversity of citizenship.

Nor has Polzin alleged that the amount-in-controversy is satisfied. Polzin's amended complaint lacks any allegations about the amount of his damages, so he has not alleged that "the controversy entails a dispute over more than $75,000, exclusive of interests and costs." *See Sykes*, 72 F.4th at 205. It's also implausible that Polzin could recover more than $75,000 in damages based on allegations that he was misled to purchase non-kosher canteen food products that were more expensive than the kosher canteen food products that he otherwise would have purchased. I will not allow Polzin to proceed on his state-law claims because I lack jurisdiction over them.

## CONCLUSION

To sum up my rulings, I will dismiss Polzin's federal-law claims with prejudice because it's clear from the analysis that further amendment of those claims would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). I will relinquish jurisdiction over Polzin's state-law claims, but Polzin may pursue those claims in state court, subject to Wisconsin statutes of limitations (and other potentially applicable procedural bars). Those limitations periods have been tolled while this case has been pending, but they will begin again 30 days

from now. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

I will also direct the clerk of court to record a strike under 28 U.S.C. § 1915(g). *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *Faust v. Parke*, 114 F.3d 1191, at *3 (7th Cir. 1997) (counting dismissal as strike where all federal claims were dismissed and where court declined to retain jurisdiction over state-law claim).

ORDER

IT IS ORDERED that:

1. Plaintiff Gerald L. Polzin's amended complaint, Dkt. 9, is DISMISSED without leave to amend. Polzin's federal-law claims are DISMISSED with prejudice for failure to state a claim for which I could grant relief, and jurisdiction is relinquished over Polzin's state-law claims.

2. A strike is to be recorded under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered October 28, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge